JUSTICE RICE,
specially concurring.
¶52 I concur with the holding of the Court herein, and offer the following comments in regard to Issue 1.
¶53 The Workers’ Compensation Court was faced with the unenviable duty of construing, not just one statute, but the entirety of the statutory framework surrounding impairment awards. As evidenced by the opinions herein of both the Workers’ Compensation Court and this Court, determining the proper interpretation of the statutes was a difficult task, even with application of maxims of statutory construction. A reading of the statutes gives the distinct impression that the impairment award is a benefit provided in all disability cases. However, a closer review reveals that such an entitlement is not explicitly created. The situation is something akin to a group of people talking about an absent comrade. They all know he exists. He just isn’t there.
¶54 Nonetheless, I believe the conclusion drawn by the Court from the *226 limited direction provided by the statutes is the correct one, and would offer the following additional reasons therefor. I diverge from the Workers’ Compensation Court’s rationale at ¶ 20 of its opinion, wherein it states:
Claimants argue that failure to interpret section 39-71-737, MCA, as entitling permanently totally disabled claimants to impairment awards would render the section’s reference to impairment awards meaningless. If that were so, the Court might have to deem the statute ambiguous and consider the maxim of statutory interpretation that courts should attempt to construe a statute in a manner which does not render it meaningless, Albright v. State By and Through State, 281 Mont. 196, 206, 933 P.2d 815, 821 (1997). However, failure to adopt claimants’ interpretation does not render the language meaningless. There are other benefits which a claimant might receive concurrently with an impairment award, specifically, an award for disfigurement, § 39-71-708 (1991,1997), MCA, and rehabilitation benefits §§ 39-71-1006, MCA (1997), 39-71-2001, MCA (1991).
The Workers’ Compensation Court thus found that its interpretation would not render meaningless the provision of § 39-71-737, MCA, which authorized payment of impairment awards “with other classes,” because there were “other benefits” which a claimant might receive concurrently with an impairment award, namely, rehabilitation or disfigurement benefits. However, our case law construes “classes” of benefits in a manner which supports the claimants’ argument.
¶55 In Reeverts v. Sears, Roebuck & Company (1994), 266 Mont. 509, 517, 881 P.2d 620, 625, the Court, citing Dosen v. East Butte Copper Mining Company (1927), 78 Mont. 579, 254 P. 880 (overruled on other grounds), held that:
[T]his Court observed that [§ 39-71-737, MCA, of the Workers’ Compensation Act], as it existed in 1927, contemplated the possibility of four resulting conditions from an injury: (1) temporary total disability; (2) permanent total disability; (3) temporary partial disability; and (4) permanent partial disability. The Court held that the term “classes” mentioned in this predecessor to § -737 referred to the different types of disability benefits which could potentially be received for a single injury. We held that they had to be paid successively in the order provided for in the statute, and that payment for two different classes could not be made over the same period of time.
Thus, the term “class of benefits” is restricted by this interpretation to the four referenced disability classes. Given this longstanding *227 interpretation, the provision of § 39-71-737, MCA, which now authorizes payment of an impairment award “with other classes” cannot be satisfied by the payment of rehabilitation or disfigurement benefits, as held by the Workers’ Compensation Court. These other benefits are not considered “disability” benefits by their authorizing statutes and do not constitute “classes” of benefits. Consequently, I find that the interpretation offered by the Workers’ Compensation Court would render § 39-71-737, MCA, meaningless, and I would construe the statute to hold that impairment awards are to be paid concurrently with permanent total disability benefits.
¶56 I disagree with the Court’s rationale set forth in ¶ 29, wherein it reasons that the Workers’ Compensation Court’s conclusion that a permanently partially disabled worker can receive an impairment award while a permanently totally disabled worker is deprived of the award, is based upon a statutory interpretation which leads to an absurd result. While this result may be thought to lack reason from a policy point of view, I do not believe this to be an absurd result that compels a different statutory interpretation. The Legislature may very well decide to restrict impairment awards to partially disabled workers, but for the reasons set forth above, I do not believe it has done so.
¶57 For these reasons, I concur with the Court.